# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00780 BRO (KKx)** | Date | June 15, 2017 |
|---|---|---|---|
| Title | **JUNE H. MULLENEAUX V. WELLS FARGO BANK, N.A. ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**     (IN CHAMBERS)

## ORDER RE PLAINTIFF'S MOTION TO REMAND [10]

## I.     INTRODUCTION

Pending before the Court is Plaintiff June H. Mulleneaux's ("Plaintiff") Motion to Remand. (*See* Dkt. No. 10 (hereinafter, "Mot.").) After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **REMANDS** this action.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Factual Background

Plaintiff is a resident of Riverside County, California, who owns real property at 72781 Bursera Way, Palm Desert, California (the "Subject Property"). (*See* Dkt. No. 1, Ex. A (hereinafter, "Compl.") ¶ 1.) Defendants in this action are Wells Fargo Bank, N.A. ("Wells Fargo"), a banking institution with its headquarters located in Sioux Falls, South Dakota, and Quality Loan Service Corporation ("Quality Loan"), a California corporation, who was trustee of the underlying loan at issue in this case.[1] (*See* Dkt. No. 1 (hereinafter, "Removal") at 3–4.)

On April 30, 2008, Plaintiff obtained a first lien mortgage loan in the amount of $786,000 from Wells Fargo secured by the Subject Property. (Compl. ¶ 33.) During the recession, Plaintiff suffered financial hardship and began to have difficulty making her

---

[1] The Court will refer to Wells Fargo and Quality Loan collectively as "Defendants."

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-00780 BRO (KKx)** | Date | June 15, 2017 |
|---|---|---|---|
| Title | **JUNE H. MULLENEAUX V. WELLS FARGO BANK, N.A. ET AL.** | | |

loan payment. (Compl. ¶ 36.) Plaintiff contacted Wells Fargo, who encouraged her to submit a loan modification application. (Compl. ¶ 37.) According to Plaintiff, she submitted her loan modification application along with all required financial documents. (Compl. ¶ 38.) Plaintiff avers that Wells Fargo "engaged Plaintiff in a series of duplicative and inconsistent document requests," with which she complied. (Compl. ¶ 39.)

On November 6, 2015, while Plaintiff's application was under review, Defendants recorded a Notice of Default and Election to Sell Under the Deed of Trust against the Subject Property.[2] (Compl. ¶ 40, Ex. A.) Plaintiff alleges that the Notice of Default includes a "false declaration" in which Wells Fargo averred that it tried to contact Plaintiff before filing the Notice, as required by California Civil Code section 2923.55(f). (Compl. ¶ 41.) Plaintiff claims that within the thirty days preceding Defendants recording the Notice of Default, Wells Fargo never informed Plaintiff of her foreclosure avoidance options as required by California law. (Compl. ¶¶ 42–44.) Upon receiving the Notice of Default, Plaintiff contacted Wells Fargo to confirm that it was incorrect and that her loan modification application was under review. (Compl. ¶ 45.) A Wells Fargo representative informed Plaintiff that her application was under review and there would be no foreclosure while the application was pending. (Compl. ¶ 46.)

Nonetheless, on February 9, 2016, while her loan modification application was still pending, Defendants executed a Notice of Trustee's Sale against the Subject Property. (Compl. ¶ 47.) Plaintiff contacted Wells Fargo to ensure that no sale would take place. (Compl. ¶ 48.) But despite verbal confirmation, Plaintiff claims that Defendants sold the Subject Property to a bank on or around August 1, 2016, and have taken possession of the Subject Property. (Compl. ¶ 49.) Plaintiff avers that she has been unable to cure the default because of the "substantial arrearages, which include unnecessary fees added" to the loan balance. (Compl. ¶ 50.)

---

[2] Plaintiff's Complaint alleges that she received the Notice of Default on November 6, 2016. (*See* Compl. ¶ 40.) However, Plaintiff's other allegations indicate that Defendants took further actions in February and August 2016. (*See* Compl. ¶¶ 47, 49.) In addition, the Notice of Default Plaintiff attaches to her Complaint is dated November 4, 2015. (*See* Compl., Ex. A at 3.) Thus, it appears that Plaintiff received the Notice of Default in November 2015—not 2016.

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00780 BRO (KKx)** | Date | June 15, 2017 |
|---|---|---|---|
| Title | **JUNE H. MULLENEAUX V. WELLS FARGO BANK, N.A. ET AL.** | | |

### B. Procedural Background

Accordingly, on March 22, 2017, Plaintiff filed the instant action in the Superior Court of California, County of Riverside, bringing five claims against Defendants: (1) violations of California Civil Code section 2923.7 (against Wells Fargo only); (2) violations of California Civil Code section 2923.55 (against both Defendants); (3) violations of California Civil Code section 2923.6 (against both Defendants); (4) violation of California Business & Professions Code section 17200 (against both Defendants); and, (5) negligence (against Wells Fargo only). (*See* Compl.) On April 24, 2017, Wells Fargo removed the action to this Court. (*See* Removal.) Quality Loan filed its Consent to Removal on the same day. (*See* Dkt. No. 4.)

On May 17, 2017, Plaintiff filed the instant Motion to Remand. (*See* Mot.) Wells Fargo untimely opposed Plaintiff's Motion on May 30, 2017.[3] (*See* Dkt. No. 18 (hereinafter, "Opp'n").) As of today's date, Plaintiff has not replied.

## III. LEGAL STANDARD

### A. Motion to Remand

Federal courts are of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to the diversity statute, 28 U.S.C. § 1332. Under § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The United States Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning that each

---

[3] Under this Court's Local Rules, all oppositions are due twenty-one (21) days before a motion's hearing date. C.D. Cal. L.R. 7-9. This Court's Standing Order provides, however, that if an opposition or reply is due on a federal holiday, the filing is due the preceding Friday. (*See* Dkt. No. 9 at 3.) Here, May 29, 2017—the day any Opposition was due—was Memorial Day, a federal holiday. Thus, Wells Fargo's Opposition was due Friday, May 26, 2017. As Wells Fargo filed its Opposition on Tuesday, May 30, 2017, it was untimely. Nonetheless, the Court finds it inappropriate to grant Plaintiff's Motion based on this procedural error and will consider the Opposition. However, the Court admonishes Wells Fargo to ensure that they are following the Local Rules and this Court's Standing Order in the future.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00780 BRO (KKx) | Date | June 15, 2017 |
|---|---|---|---|
| Title | JUNE H. MULLENEAUX V. WELLS FARGO BANK, N.A. ET AL. | | |

plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court only if the plaintiff could have originally filed the action in federal court. This means removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction under § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2). A defendant must file a notice of removal no later than thirty days after the plaintiff serves it with a copy of the initial pleading. *See* 28 U.S.C. § 1446(b)(1).

### B. Fraudulent Joinder

There is an exception to the complete diversity rule for fraudulently joined or "sham" defendants. A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Fraudulent joinder exists, and the non-diverse defendant is ignored for purposes of determining diversity of the parties, if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.*; *accord Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "A merely defective statement of the plaintiff's action does not warrant removal." *Albi v. St. & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent." *Id.*

District courts may consider "the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339; *see also Ritchey*, 139 F.3d at 1318 (explaining that where fraudulent joinder is at issue, a district court may look beyond the pleadings because "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory"). Thus, a court may consider declarations and affidavits to determine whether "discrete and undisputed facts" would preclude recovery against the non-diverse defendants. *Hunter*, 582 F.3d at 1044. The Ninth Circuit adopts the view

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-00780 BRO (KKx)** | Date | June 15, 2017 |
|---|---|---|---|
| Title | **JUNE H. MULLENEAUX V. WELLS FARGO BANK, N.A. ET AL.** | | |

that, because the party seeking removal bears the burden of demonstrating fraudulent joinder, "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc)).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *See id.* Nevertheless, removal is proper in cases involving a non-diverse defendant where the non-diverse defendant was fraudulently joined. *See Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) (quoting *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003)).

## IV. DISCUSSION

### A. Whether to Consider Plaintiff's *Pro Se* Motion

As a threshold matter, the Court addresses whether Plaintiff's Motion was properly filed. When Wells Fargo removed the action, it provided notice to Joseph R. Manning, Jr. of The Law Office of Joseph R. Manning, Jr., who was initially listed as Plaintiff's attorney while the action proceeded in the Superior Court. (*See* Removal.) On May 17, 2017, however, Plaintiff filed the instant Motion *pro se*. (*See* Mot.) Central District Local Rule 83-2.3.1 provides that "[w]henever a party has appeared by an attorney, the party may not thereafter appear or act pro se, except upon order made by the Court after notice to such attorney and to any other parties who have appeared in the action." C.D. Cal. L.R. 83-2.3.1.[4] Accordingly, on May 19, 2017, the Court issued an Order to Show Cause directed at Mr. Manning as to why the Court should not strike Plaintiff's *pro se* filing. (Dkt. No. 12.)

On May 26, 2017, Mr. Manning responded to the Court's Order, explaining that on April 11, 2017—before Defendants removed this action—Plaintiff filed a Substitution of Attorney in the Superior Court, substituting Ms. Adela Z. Ulloa in place of Mr. Manning.

---

[4] A copy of this Court's Local Rules may be accessed at: http://www.cacd.uscourts.gov/court-procedures/local-rules.

| | | | |
|---|---|---|---|
| Case No. | **CV 17-00780 BRO (KKx)** | Date | June 15, 2017 |
| Title | **JUNE H. MULLENEAUX V. WELLS FARGO BANK, N.A. ET AL.** | | |

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-00780 BRO (KKx)** | Date | June 15, 2017 |
|---|---|---|---|
| Title | **JUNE H. MULLENEAUX V. WELLS FARGO BANK, N.A. ET AL.** | | |

(*See* Dkt. No. 16.) Accordingly, on the same day, Ms. Ulloa also responded to the Court's Order, informing the Court that she was unaware of Plaintiff's intention to file the instant Motion. (*See* Declaration of Adela Z. Ulloa (Dkt. No. 17) (hereinafter, "Ulloa Decl.") ¶ 6.) On May 23, 2017, Plaintiff informed Ms. Ulloa that she no longer wished for Ms. Ulloa to serve as her counsel and that she wanted to proceed *pro se*. (Ulloa Decl. ¶ 8.) As a result, on May 26, 2017, Ms. Ulloa also filed a Request for Approval of Substitution of Counsel, (*see* Dkt. No. 15), which the Court granted on June 7, 2017, (*see* Dkt. No. 21). Therefore, Plaintiff is now representing herself *pro se*.

Thus, while Plaintiff filed the instant Motion *pro se* despite being represented by counsel at the time of its filing, the Court finds that it would be judicially inefficient to strike the Motion. Plaintiff intends to proceed *pro se* and the Court has granted Ms. Ulloa's request for substitution. Therefore, striking the Motion would serve no purpose other than delaying the Motion's resolution. Further, Wells Fargo has not identified any prejudice or harm that it has suffered as a result of Plaintiff's *pro se* filing. Moreover, the Court is cognizant of its duty to construe *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed . . . ." (internal quotation marks omitted)). Considering Plaintiff's intent to represent herself *pro se*, the Court finds that consideration of the Motion is appropriate. In any event, as explained further below, the Court remands this action for reasons not explicitly raised in Plaintiff's Motion; thus, consideration (or not) of Plaintiff's Motion is not dispositive.

### B. Federal Question Jurisdiction

Plaintiff's primary argument is that her Complaint does not raise a federal question and, therefore, this Court lacks subject matter jurisdiction. (*See* Mot. at 2–3.) Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. According to Plaintiff, because her Complaint arises entirely under California state law, jurisdiction does not lie with this Court. (*See* Mot.) Wells Fargo removed this action on the basis of diversity jurisdiction, however—not federal question jurisdiction. In fact, in its Opposition Wells Fargo concedes that it asserts only diversity jurisdiction. (*See* Opp'n at 4.) Therefore, while Plaintiff is correct and her Complaint includes no federal

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00780 BRO (KKx) | Date | June 15, 2017 |
|---|---|---|---|
| Title | JUNE H. MULLENEAUX V. WELLS FARGO BANK, N.A. ET AL. | | |

law claims, this is not dispositive here. The inquiry is whether the Court has diversity jurisdiction.

### C. Whether Wells Fargo is a Diverse Defendant

In addition, though Plaintiff's Motion is not clear, Plaintiff appears to argue that Wells Fargo is not a diverse Defendant because it has an office in San Francisco, California. (*See* Mot. at 2.) 28 U.S.C. § 1348 provides that "[a]ll national banking associations shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. In *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317–19 (2006), the Supreme Court analyzed the definition of "the States in which they are respectively located" under § 1348. The Court concluded that for the purposes of diversity jurisdiction, banks are considered citizens of "the State designated in its articles of association as its main office." *Id.* at 318; *see also Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (holding that "a national banking association is a citizen *only* of the state in which its main office is located" and finding that Wells Fargo "is a citizen only of South Dakota" (emphasis added)). Therefore, while Wells Fargo may maintain an office in San Francisco, California, this office does not make Wells Fargo a California citizen for diversity jurisdiction purposes. Wells Fargo's Articles of Association indicate that its main office is located in Sioux Falls, South Dakota. (*See* Removal, Ex. E, art. II.) Thus, Wells Fargo is a citizen of South Dakota—not California—and Wells Fargo is diverse from Plaintiff.

### D. Quality Loan's Citizenship

While Plaintiff does not explicitly raise it as an issue, because the Court is under a continuing duty to determine its own subject matter jurisdiction, *see Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("[T]he Court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction."), and because the Court must construe *pro se* pleadings liberally, *see Erickson*, 551 U.S. at 94, the Court addresses whether Quality Loan, which the parties do not dispute is a California

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-00780 BRO (KKx)** | Date | June 15, 2017 |
| Title | **JUNE H. MULLENEAUX V. WELLS FARGO BANK, N.A. ET AL.** | | |

corporation,[5] (*see* Compl. ¶ 3; Removal at 4), destroys diversity in this case.[6] The Court finds that it does.

In its Removal, Wells Fargo contends that the Court should not consider Quality Loan's citizenship for diversity jurisdiction purposes for two reasons: (1) Quality Loan is a nominal defendant; and, (2) Quality Loan has been fraudulently joined. The Court addresses each argument in turn.

### 1. Whether Quality Loan is a Nominal Party

"[T]he citizenship 'of nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant' can be disregarded in assessing whether diversity jurisdiction exists." *Jenkins v. Bank of Am., N.A.*, No. CV 14-04545 MMM (JCx), 2015 WL 331114, at *10 (C.D. Cal. Jan. 26, 2015) (quoting *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)). While foreclosure trustees—like Quality Loan here—are often nominal parties, *see id.*, "an exception is made where the complaint contains substantive allegations against the trustee or seeks to recover money damages from the trustee,"[7] *Newman v. Select Portfolio Servicing, Inc.*, No. C-13-03685 JSC, 2013 WL 5708200, at *3 (N.D. Cal. Oct. 21, 2013) (internal quotation marks omitted).

---

[5] Wells Fargo addresses Quality Loan's citizenship in its Removal and argues that Quality Loan's citizenship should not be considered for diversity jurisdiction purposes. (*See* Removal at 4–8.)

[6] Construing Plaintiff's Motion liberally, it appears that she is challenging diversity, though she focuses on Wells Fargo's citizenship. (*See* Mot. at 2.) In any event, as explained above, the Court has a *sua sponte* obligation to determine its own subject matter jurisdiction. *See Aurora Loan Servs., LLC v. Gonzalez*, No. CV 11-01180 MMM (PLAx), 2011 WL 672598, at *2 (C.D. Cal. Feb. 16, 2011) ("The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." (citing *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)). Therefore, the Court finds it is appropriate to consider Quality Loan's citizenship.

[7] California Civil Code section 2924*l* provides that if "a trustee under a deed of trust is named in an action or proceeding in which that deed of trust is the subject," and "the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee, then, at any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-00780 BRO (KKx)** | Date | June 15, 2017 |
| Title | **JUNE H. MULLENEAUX V. WELLS FARGO BANK, N.A. ET AL.** | | |

Here, Plaintiff brings substantive claims against Quality Loan. For instance, Plaintiff asserts that "Defendants"—including Wells Fargo and Quality Loan—violated California Civil Code section 2923.55 by recording a false declaration of compliance when they recorded the Notice of Default. (*See* Compl. ¶¶ 73, 100(d).) In addition, Plaintiff avers that Defendants, including Quality Loan, violated California Civil Code section 2923.6(e) when they recorded a notice of default before complying with California law's notice requirements.[8] (*See* Compl. ¶ 89.) Likewise, Plaintiff alleges that both Wells Fargo and Quality Loan acted unlawfully when they scheduled a trustee's sale for August 1, 2016. (Compl. ¶ 90.) Further, in her Prayer for Relief, Plaintiff seeks monetary damages from Quality Loan. (*See* Compl. at 23.)

Courts have held that nearly identical allegations directed towards a trustee indicate that the trustee "has a sufficient stake in the action such that it may not be considered a nominal party for purposes of diversity jurisdiction." *Jenkins*, 2015 WL 331114, at *10 (finding that where the plaintiff "plead[ed] all causes of action against [the bank and the trustee] jointly as 'defendants,' alleg[ed] that [the bank and the trustee] conspired to file the notices of default and notices of trustee's sale against the property improperly while their loan modification application was still under review, and that they failed to contact plaintiffs as required" by California law was sufficient to indicate that

---

time, the trustee may file a declaration of nonmonetary status." Cal. Civ. Code § 2924*l*(a). The opposing party has fifteen days from the filing of the declaration of nonmonetary status to object. Cal. Civ. Code § 2924*l*(c). "District courts have recognized that defendants who file a declaration of non-monetary status to which plaintiffs do not object are merely nominal parties whose citizenship does not count for diversity jurisdiction purposes." *Silva v. Wells Fargo Bank NA*, No. CV 11-3200 GAF (JCGx), 2011 WL 2437514, at *4 (C.D. Cal. June 16, 2011). "However, a party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection." *Id.* (alteration and internal quotation marks omitted). Here, Quality Loan filed a declaration of nonmonetary status on April 17, 2017. (*See* Removal, Ex. B at 59.) Wells Fargo removed the action to this Court on April 24, 2017, (*see* Removal); thus, the fifteen days for objection had not yet passed. As the Court must assess jurisdiction at the time of removal, Quality Loan's declaration of nonmonetary status does not make them a nominal defendant here. *See Jenkins*, 2015 WL 331114, at *7 (explaining that courts "refuse to ignore the 'nominal' party's citizenship for purposes of diversity jurisdiction when the case is removed to federal court before the fifteen-day objection period has expired").

[8] In fact, Plaintiff repeatedly differentiates between "Defendants" and "Wells Fargo" when discussing the alleged conduct. (*See* Compl.) Thus, it appears that when she references "Defendants'" conduct, she is alleging that Quality Loan was also responsible.

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-00780 BRO (KKx)** | Date | June 15, 2017 |
|---|---|---|---|
| Title | **JUNE H. MULLENEAUX V. WELLS FARGO BANK, N.A. ET AL.** | | |

the trustee was not a nominal party); *Raissian v. Quality Loan Service Corp.*, No. CV 14-07969 BRO (AGRx), 2014 WL 6606802, at *4 (C.D. Cal. Nov. 19, 2014) (holding that Quality Loan was not a nominal defendant where the "complaint "plead[ed] substantive allegations against and [sought] money damages from the trustee"); *Pardo v. Sage Point Lender Servs. LLC*, No. 14cv305-WQH-DHB, 2014 WL 3503095, at *4 (S.D. Cal. July 14, 2014) (determining that the trustee was not a nominal party because "Plaintiff [was] actually suing Sage Point for wrongdoing, not merely as a formal party in order to facilitate collection"). Thus, the Court finds that Defendants have not met their heavy burden of establishing that Quality Loan is a nominal defendant who Plaintiff has included only to facilitate the transfer of title.

### 2. Whether Quality Loan is a Sham Defendant

Further, the Court finds that Quality Loan is not a sham defendant whose citizenship may be disregarded for jurisdiction purposes. This is so despite California's legal protections for foreclosure trustees. Indeed, California Civil Code section 2924(b) provides that "the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary" when performing foreclosure services. Cal. Civ. Code § 2924(b). Nonetheless, "the privilege attributable to foreclosure trustees is qualified and therefore not without exception." *Alabastro v. Wells Fargo Bank, N.A.*, No. 5:14-cv-03469 EJD, 2015 WL 138235, at *3 (N.D. Cal. Jan. 9, 2015). "[I]t protects only those communications made without malice, to a person interested therein, by one who is also interested." *Id.* (alterations and internal quotation marks omitted) (quoting *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333 (Cal. Ct. App. 2008)). In the foreclosure trustee context, "malice is defined as actual malice, meaning that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Id.* (internal quotation marks omitted) (quoting *Kachlon*, 168 Cal. App. 4th at 336).

To establish that Quality Loan is a fraudulent defendant and should not be considered for jurisdiction purposes, it is Defendants' burden to establish that Plaintiff cannot succeed on any claim she brings against Quality Loan here. *See Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("[A] defendant seeking removal based on alleged fraudulent joinder must do more than show that the complaint at the

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-00780 BRO (KKx)** | Date | June 15, 2017 |
|---|---|---|---|
| Title | **JUNE H. MULLENEAUX V. WELLS FARGO BANK, N.A. ET AL.** | | |

time of removal fails to state a claim against the non-diverse defendant. The defendant must also show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." (internal quotation marks and citations omitted)). Defendants have failed to meet this burden. While Plaintiff's claims against Quality Loan may be insufficient as currently pleaded (though the Court need not—and does not—make this determination), "[a] merely defective statement of the plaintiff's action does not warrant removal." *Albi*, 140 F.2d at 312. Wells Fargo has not established that Plaintiff could not amend her Complaint to adequately state a claim against Quality Loan. Thus, because Plaintiff *may* bring a viable claim against Quality Loan, Defendants have failed to meet their high burden of establishing that Quality Loan is a sham defendant. *See Alabastro*, 2015 WL 138235, at *3 (holding that a trustee's citizenship should be considered for jurisdiction purposes because "[t]he potential for Plaintiff to state a viable claim against [the trustee], although narrow, is enough to raise doubt regarding the propriety of the removal"); *Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988, 1005 (N.D. Cal. 2013) (finding that a trustee was not fraudulently joined because even if the plaintiff's complaint failed to state a viable claim against the trustee, the defendants had "not shown that Plaintiff would be unable to re-allege their allegations to survive dismissal"); *Suelen v. Wells Fargo Bank, N.A.*, No. C-13-002 MEJ, 2013 WL 1320697, at *4 (N.D. Cal. Apr. 1, 2013) (determining that trustee was not fraudulently joined because "even if [the plaintiff's] allegations do not meet the necessary pleading requirements now, Defendants have not shown, as they must, that she could not re-allege at least one of them to do so").

Thus, in sum, the Court finds that Defendants have failed to meet their heavy burden of establishing that Quality Loan is a nominal or a sham defendant whose citizenship need not be considered for jurisdiction purposes. Because the Court must consider Quality Loan's citizenship and it is undisputed that Quality Loan is a California corporation, the Court finds that it does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332. Further, as discussed above, the Court also does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331. Therefore, the Court lacks subject matter jurisdiction over this action.

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-00780 BRO (KKx) | Date | June 15, 2017 |
|---|---|---|---|
| Title | JUNE H. MULLENEAUX V. WELLS FARGO BANK, N.A. ET AL. | | |

## V. CONCLUSION

For the foregoing reasons, the Court **REMANDS** this action to the Superior Court of California, County of Riverside. The hearing currently scheduled for June 19, 2017, is hereby **VACATED**.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | rf | |